**AFFIRM; Opinion issued February 21, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

No. 05-11-00724-CR
No. 05-11-00725-CR
No. 05-11-00726-CR
No. 05-11-00727-CR
No. 05-11-00728-CR
_____

**DONNIE RAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

═══════════════════════════════════════════════════

**On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause Nos. F08-34906-Y; F10-34747-Y; F10-34748-Y;
F10-34749-Y; F10-34750-Y**

═══════════════════════════════════════════════════

## OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion By Justice Bridges

Donnie Ray appeals his convictions for unlawful possession of marijuana in cause number

05-11-00724-CR, delivery of marijuana in cause number 05-11-00725-CR, delivery of cocaine in

cause numbers 05-11-00726-CR and 05-11-00728-CR, and possession with intent to deliver

cocaine in cause number 05-11-00727-CR. A jury convicted appellant and sentenced him to

---

[1] The Honorable Martin E. Richter, retired Justice, sitting by assignment.

twenty years' confinement in cause numbers 05-11-00724-CR, 05-11-00725-CR, and 05-11-00727-CR, ten years' confinement in cause number 05-11-00726-CR and fifteen years' confinement in cause number 05-11-00728-CR. In a single issue, appellant argues the trial court erred in excluding him from the courtroom during the punishment phase of trial. We affirm the trial court's judgments.

Appellant entered guilty pleas to each of the charged offenses and pled true to the enhancement paragraphs. Following the State's presentation of evidence regarding the charged offenses, the trial court instructed the jury to find appellant guilty on his pleas and to assess punishment. The jury retired to consider its verdict, and the trial judge recessed the proceedings. The jury returned to the courtroom, and the jury foreman announced the jury had reached a unanimous verdict in all five cases. The trial judge read the jury's verdicts in cause numbers 05-11-00726-CR, 05-11-00728-CR, and 05-11-00727-CR. Appellant then stated, "That wasn't me." The trial judge began to read a fourth verdict, but appellant interrupted again, saying "It wasn't me. That wasn't me. I don't deserve that." The trial judge said, "Take him back," and appellant was removed from the court room. The trial judge stated, "For the record, the defendant has been removed from the courtroom and the microphone is on." The trial judge finished reading the verdicts in cause numbers 05-11-00725-CR and 05-11-00724-CR and dismissed the jury. After the jury had left the courtroom, the trial judge stated the jury convicted appellant of "all the cases" and restated the punishment assessed in each case. The trial judge said, "for the record, all of this is being piped into the defendant who was removed from the courtroom due to his outburst." The trial judge then pronounced sentence against appellant and adjourned the proceedings.

In a single issue, appellant argues the trial court erred by excluding him from the courtroom during the punishment phase of trial. Specifically, appellant argues the trial court erred in failing

to give appellant a warning that "his conduct must be corrected or that he would be removed" from the courtroom. Appellant argues his exclusion from the courtroom during the reading of the verdict requires reversal.

A criminal defendant may lose his constitutional right to be present at trial if, "after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v. Allen*, 397 U.S. 337, 343 (1970); *Ramirez v. State*, 76 S.W.3d 121, 129 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Trial judges confronted with "disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." *Allen*, 397 U.S. at 343; *Ramirez*, 76 S.W.3d at 129. Where a defendant's behavior is of "an extreme and aggravated nature," that discretion encompasses expulsion from the courtroom. *Allen*, 397 U.S. at 346; *Ramirez*, 76 S.W.3d at 129.

Even assuming appellant's removal from the courtroom without warning was error, this deprivation was not a defect that permeated "[t]he entire conduct of the trial" or affected "the framework within which the trial proceed[ed]." *Ramirez*, 76 S.W.3d at 130 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991)). Consequently, the question becomes one of harm. *Ramirez*, 76 S.W.3d at 130 (citing *Jasper v. State*, 61 S.W.3d 413, 423 (Tex. Crim. App. 2001) *see also Rushen v. Spain*, 464 U.S. 114, 117 n.2 (1983) (holding "the right to be present during all critical stages of the proceedings" is "subject to harmless error analysis, unless the deprivation, by its very nature, cannot be harmless"). We need not reverse the trial court's judgment if we determine that appellant's exclusion did not contribute to his conviction or punishment. TEX. R. APP. P. 44.2(a); *Jasper*, 61 S.W.3d at 423; *Ramirez*, 76 S.W.3d at 130.

Here, appellant entered guilty pleas to each of the charged offenses. Following the State's presentation of evidence, the jury deliberated and returned a guilty verdict in each case. The trial judge read the jury's verdicts in cause numbers 05-11-00726-CR, 05-11-00728-CR, and 05-11-00727-CR without incident. Appellant then stated, "That wasn't me." The trial judge began to read a fourth verdict, but appellant interrupted again, saying "It wasn't me. That wasn't me. I don't deserve that." The trial judge, without issuing a verbal warning, ordered appellant removed from the courtroom and finished reading the verdicts in cause numbers 05-11-00725-CR and 05-11-00724-CR. The record indicates that, though appellant was not physically present in the courtroom, the proceedings were "being piped into" him where he waited following his removal from the courtroom. Further, it is clear appellant's removal from the courtroom did not contribute to his conviction or punishment because the jury had concluded its deliberations and reached a verdict in all five of the charges against him. *See* TEX. R. APP. P. 44.2(a); *Jasper*, 61 S.W.3d at 423; *Ramirez*, 76 S.W.3d at 130. Thus, any error in his exclusion was harmless beyond a reasonable doubt. *See* TEX. R. APP. P. 44.2(a); *Jasper*, 61 S.W.3d at 423; *Ramirez*, 76 S.W.3d at 130. We overrule appellant's issue on appeal.

We affirm the trial court's judgments.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 471
110724F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNIE RAY, Appellant

No. 05-11-00724-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas
Trial Court Cause No. F08-34906-Y.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 21, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

DONNIE RAY, Appellant

No. 05-11-00725-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-34747-Y.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 21, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONNIE RAY, Appellant

No. 05-11-00726-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-34748-Y.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 21, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DONNIE RAY, Appellant

No. 05-11-00727-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-34749-Y.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 21, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

DONNIE RAY, Appellant

No. 05-11-00728-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F10-34750-Y.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 21, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE